**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ABDALLAH BAKRI,**

        **Plaintiff,**

**-vs-**                                      **Case No. 6:08-cv-1572-Orl-28GJK**

**CITY OF DAYTONA BEACH, JAMES ZIEHL, and BRIAN MILLIGAN,**

        **Defendants.**
_____

# ORDER

This action arises from an incident that occurred at a gas station owned by Plaintiff during which, Plaintiff alleges, two Daytona Beach police officers—Defendants Ziehl and Milligan—battered and arrested him after he refused to allow them to search his private office at the station. In his "Third Amended Complaint"[1] (Doc. 30), Plaintiff sets forth nine[2] counts, and Defendants—Officers Ziehl and Milligan and the City of Daytona Beach ("the City")—have filed a Motion to Dismiss (Doc. 31) seven of those counts.[3] Having considered

---

[1] As noted by the parties, what Plaintiff has labeled the "Third Amended Complaint" is actually only the second Amended Complaint that has been filed in this case. (See Doc. 31 at 1 n.1; Doc. 32 at 1 n.1 (statement in Plaintiff's response memorandum that "Plaintiff inadvertently mislabeled the Second Amended Complaint[] as the Third Amended Complaint")).

[2] The "Third Amended Complaint" includes counts numbered I, II, III, IV, VII, VIII, IX, X, and XII. There is no Count V, Count VI, or Count XI.

[3] Aside from Defendants' overarching res judicata argument, the motion does not specifically challenge Count I or Count II, in which Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights against the City and the

Defendants' motion, Plaintiff's Response (Doc. 32), and pertinent law, the Court concludes that the motion must be granted in part and denied in part.

### I. Res Judicata/Issue Preclusion

Defendants first contend that Plaintiff's claims are barred under the doctrines of res judicata and issue preclusion because of a prior suit that Plaintiff brought raising substantially the same claims that was dismissed by this Court—Case No. 6:08-cv-821-Orl-28DAB. However, this Court dismissed Plaintiff's Complaint in that case without prejudice after Plaintiff failed to respond to the motion to dismiss within the time provided for doing so; that dismissal without prejudice does not have the preclusive effect urged by Defendants. No issues were resolved by the prior dismissal, and no final judgment on the merits was entered. Thus, Defendants' first argument for dismissal is rejected.

### II. Sovereign Immunity of the City With Regard to Counts III, IV, VII, IX, and X

The City asserts that it enjoys sovereign immunity from liability on Count III[4] (battery), Count IV (intentional infliction of emotional distress), Count VII (malicious prosecution), Count IX (false imprisonment), and Count X (trespass) pursuant to section 768.28(9)(a), Florida Statutes, which provides that "[t]he state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent . . . committed in bad faith or with

---

individual Defendants, respectively.

[4]Defendants refer to the battery claim as "Count II" in this part of their motion. (See Doc. 31 at 7-8; see also id. at 2 ¶ 4). However, the battery claim is Count III rather than Count II, and the City is not named as a Defendant in Count II, which is a § 1983 claim against the individual police officers. In the Conclusion section of the motion, Defendants correctly refer to Count III rather than Count II. (See id. at 14).

malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." The City notes that in each of these counts, which are brought only against the City and not the officers themselves, Plaintiff has pled that the officers and the City—which could act only through those officers—acted "viciously and maliciously." (See Doc. 30 ¶¶ 89, 112, 116, 147, 207, & 236). Thus, the City argues, section 768.28(9)(a) bars liability of the City on these claims.

Plaintiff concedes that the malicious prosecution claim (Count VII) must be dismissed under the sovereign immunity statute. (See Doc. 32 ¶ 31). However, as to the other four counts that are challenged on this basis, Plaintiff argues that malice is not an element of the claims and that therefore his pleading of malice does not render the claims unviable. However, Florida courts have held otherwise; even where malice is not an element of a cause of action, if a plaintiff pleads that the individual municipal agents acted maliciously, a valid claim is not stated against the municipality because of the sovereign immunity bar of section 768.28, Florida Statutes. Willis v. Dade County Sch. Bd., 411 So. 2d 245, 246 (Fla. 3d DCA 1982) ("We find no error in the determination of the trial court with respect to Count I that a complaint which alleges a 'malicious' assault and battery fails to state a cause of action pursuant to Section 728.28, Florida Statutes."); accord Fletcher v. City of Miami, 567 F. Supp. 2d 1389, 1394 (S.D. Fla. 2008) (citing Willis and dismissing false arrest claim against city where the plaintiff alleged that acts were committed willfully, wantonly, and with malice).

In view of the sovereign immunity statute, Plaintiff had three options: he could sue the City for commission of these torts by the officers without alleging malice; he could sue

the individual Defendants by alleging malice; or he could do both and plead alternatively. However—except to the extent he has brought a malicious prosecution claim against Defendant Ziehl in Count VIII, addressed later—he has done none of these. Instead, he has sued only the City in these five counts and has alleged malice, thereby failing to plead a viable claim against the City in these claims. Plaintiff did bring some of these claims against the individual Defendants in prior complaints, (see Docs. 1 & 6), but for whatever reason in the "Third Amended Complaint" he brings them—again, with the exception of malicious prosecution—only against the City. These claims fail as a matter of law as against the City, and thus Counts III, IV,[5] VII, IX, and X shall be dismissed with prejudice.

### III. Malicious Prosecution Claim Against Defendant Ziehl (Count VIII)

Plaintiff brings a malicious prosecution claim against Defendant Ziehl in Count VIII.[6] Defendants argue that Plaintiff has not stated a cause of action for malicious prosecution because an essential element of this tort is a "bona fide termination" of the prosecution in Plaintiff's favor.[7]

---

[5]Defendants also argue that the intentional infliction of emotional distress claim against the City (Count IV) fails for the additional reason that the conduct alleged does not rise to the requisite level of "outrageousness." In light of the Court's dismissal of this count on the basis of the sovereign immunity statute, however, this issue need not be addressed.

[6]The subheading for Count VIII states that this count is against "Defendant and Ziehl." (Doc. 30 at 23). Defendant Milligan is mentioned in this count in the background paragraphs, but the allegations pertaining to the instigation and pursuit of criminal proceedings, as well as the demand for judgment, mention only Defendant Ziehl. (See, e.g., id. ¶¶ 178-81).

[7]"To state a cause of action for malicious prosecution, a plaintiff must allege the following elements: (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding;

"A 'bona fide termination' of the proceedings has been described as 'a fancy phrase which means that the first suit, on which the malicious prosecution suit is based, ended in a manner indicating the original defendant's (and current plaintiff's) innocence of the charges or allegations contained in the first suit, so that a court handling the malicious prosecution suit[] can conclude with confidence[] that the termination of the first suit was not only favorable to the defendant in that suit, but also that it demonstrated the first suit's lack of merit.'" Cohen v. Corwin, 980 So. 2d 1153, 1155-56 (Fla. 4th DCA 2008) (quoting Doss v. Bank of Am., N.A., 857 So. 2d 991, 994 (Fla. 5th DCA 2003)).

Plaintiff alleges in the "Third Amended Complaint" that he was "wrongly charged" with criminal activity and that "[a]ll criminal charges filed against Plaintiff . . . were dismissed by agreement with the State Attorney's Office, and thereby were terminated in favor of Plaintiff." (Doc. 30 ¶¶ 182-83). Plaintiff further alleges that "[t]he charges were dismissed by the Office of the State Attorney after Plaintiff completed the terms of a pretrial agreement. The Plaintiff and the Office of the State Attorney entered into an agreement conducting discovery reflecting Plaintiff's relative innocence [sic]." (Doc. 30 ¶ 184).

Defendants contend that these allegations are insufficient pleading of the "bona fide termination" element of a malicious prosecution claim. Defendants assert that Plaintiff's pleading establishes that the dismissal of the charges against him after completion of a

---

(3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding." Cohen v. Corwin, 980 So. 2d 1153, 1155 (Fla. 4th DCA 2008). The motion to dismiss challenges only the third, "bona fide termination" element.

-5-

pretrial agreement was the result of negotiation, which Defendants assert is not sufficient to plead a "bona fide termination." However, "bargaining or negotiating, in and of itself, does not always negate the bona fide nature of the termination" of the charges. Alamo Rent-A-Car, Inc. v. Mancusi, 632 So. 2d 1352, 1356 (Fla. 1994). "Whether a withdrawal or abandonment of a lawsuit constitutes a bona fide termination in favor of a person against whom the suit was brought[] depends on the total circumstances surrounding the withdrawal or abandonment." Doss v. Bank of Am., N.A., 857 So. 2d 991, 995 (Fla. 5th DCA 2003). Although it has been held that a "nol pros is capable of being read both for and against guilt,"[8] and it is Plaintiff's burden to prove that the criminal case against him was terminated and that the termination was bona fide, Mancusi, 632 So. 2d at 1356, Plaintiff is not required to *prove* these elements at this stage of the case. The Court cannot conclude as a matter of law at this juncture that a bona fide termination of the criminal case against Plaintiff did not occur. The motion to dismiss is denied as to Count VIII.

IV. Tortious Interference With An Advantageous Business Relationship (Count XII)

In Count XII, Plaintiff brings a claim against the City and Ziehl for tortious interference with an advantageous business relationship. Defendants assert that Plaintiff has not sufficiently alleged the commission of this tort. Plaintiff disputes this contention.

In this count, Plaintiff alleges that Ziehl "wrongfully interfered with the Plaintiff's personal and business relationships by contacting the State of Florida, Division of Alcohol

---

[8]Swartsel v. Publix Super Markets, Inc., 882 So. 2d 449, 451 (Fla. 4th DCA 2004), abrogated on other grounds by State Farm Mut. Auto. Ins. Co. v. Nichols, 932 So. 2d 1067 (Fla. 2006).

Beverages and Tobacco by f[i]ling a complaint and gave the Division false and incomplete information in reference to Plaintiff's activities i.e. by informing the Division that Plaintiff had engaged in criminal activity and/or obstructed law enforcement despite the fact that Plaintiff had not committed any administrative [sic] or unlawful act." (Doc. 30 ¶ 270). Plaintiff further alleges that as a result of Ziehl's actions, he "suffered a false personal and business persona with his customers, the general public and the State of Florida, Department of Business and Professional Regulation and or the Division of Alcohol Beverages and Tobacco." (Id. ¶ 273).

The elements of a claim of tortious interference with an advantageous business relationship are: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Tamiami Trail Tours, Inc. v. Cotton, 463 So. 2d 1126, 1127 (Fla. 1985). Moreover, the interference must "be both direct and intentional" rather than "an indirect consequence." Lawler v. Eugene Wuesthoff Mem'l Hosp. Ass'n, 497 So. 2d 1261, 1263 (Fla. 5th DCA 1986).

Defendants cite a few cases but make no specific argument as to why Plaintiff's pleading of this count is insufficient. The Court has been able to determine, however, that Plaintiff does not have a viable cause of action for tortious interference because the "business relationship" asserted by Plaintiff as the basis for this count does not constitute the type of relationship that will support this claim.

Plaintiff avers that Defendants interfered with his "licensing relationship" with the State of Florida, Division of Alcohol Beverages and Tobacco. (See Doc. 32 at 10). However, this is not a "business relationship" that has been recognized as supporting the interference tort. See, e.g., Blank v. Kirwan, 39 Cal. 3d 311, 330 (Sup. Ct. 1985) (finding that plaintiff failed to sufficiently state first element of interference tort where the requisite relationship he attempted to allege was with the city; "[t]he tort has traditionally protected the expectancies involved in ordinary commercial dealings—not the 'expectancies,' whatever they may be, involved in the governmental licensing process"); cf. Asia Inv. Co. v. Borowski, 133 Cal. App. 3d 832, 840-41 (Ct. App. 1982) ("Asia is unable to assert any business relationship with which there has been a tortious interference. . . . The relationship between Asia and the City cannot be characterized as an economic relationship."); Wagner v. Nottingham Assocs., Inc., 464 So. 2d 166, 169 (Fla. 3d DCA 1985) (noting that "[t]here is a very real question as to whether an advantageous arrangement with a governmental entity with respect to the exercise of its police power, such as the enforcement of building and zoning regulations, can ever be a 'business' or 'economic' relationship with which an 'interference' can give rise to the tort" but finding it unnecessary to resolve the issue) (internal citation omitted). Accordingly, Count XII fails a matter of law and must be dismissed.

### V. Claims Against Defendants Ziehl and Milligan in Their "Official Capacity"

Plaintiff has brought suit against Defendants Ziehl and Milligan both "individually" and in their "official capacities." Defendants seek dismissal of the "official capacity" claims because those claims are in effect claims against the City and are therefore duplicative. In

response, Plaintiff "agree[s] to amend the caption of this action to delete James Diehl [sic] and Brian Milligan in their 'official capacities' or in the alternative would stipulate [that] they are not being sued in their official capacities." (Doc. 32 ¶ 42). Accordingly, the claims against Defendants Ziehl and Milligan in their "official capacities" are **DISMISSED** as duplicative; these Defendants are sued only in their individual capacities.

VI. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Dismiss (Doc. 31) filed by Defendants is **GRANTED in part** and **DENIED in part**. The motion is **GRANTED** insofar as it pertains to counts III, IV, VII, IX, and X and is **DENIED** insofar as it pertains to Count VIII. Counts III, IV, VII, IX, X, and XII of the "Third Amended Complaint" (Doc. 30) are **DISMISSED with prejudice.**[9]

2. To the extent that Defendants Ziehl and Milligan have been sued in their "official capacities," the claims against them are duplicative of the claims against the City. Thus, the claims against Defendants Ziehl and Milligan shall proceed only insofar as they are brought

---

[9]Thus, after the filing of this Order, the only counts that remain pending are Counts I, II, and VIII. As noted earlier, Counts I and II were not challenged by the motion to dismiss other than by the res judicata argument that has been rejected, and the "Third Amended Complaint" does not contain a Count V, VI, or XI.

against them in their individual capacities.

**DONE** and **ORDERED** in Orlando, Florida this 5th day of June, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party